## SHACKELFORD *v.* LAVENDER.

Whether the court below erred in denying the motion to recommit a case for hearing before auditors depended upon the evidence submitted at the hearing of the motion; and that evidence not being of such character as to require a judgment different from that rendered by the judge, the judgment upon review is affirmed.

No. 2361. MAY 10, 1921. REHEARING DENIED JUNE 18, 1921.

Equitable petition. Before Judge Cobb. Jackson superior court. October 29, 1920.

R. M. Lavender filed in the superior court a petition against G. O. Shackelford and others, praying for injunction and that the defendants be restrained from filing the report of processioners, and from making the report the judgment of the court, upon equitable grounds set forth in the petition. While this petition was pending, on August 5, 1919, a consent order was taken, which reads as follows (omitting the formal parts) : " The parties in the above-stated cause consenting, it is ordered that the same be and it is hereby referred to W. M. Smith, Esq., a lawyer, and T. P. Stanley, a surveyor, as auditors, with all the authority conferred by law on an

auditor to hear and decide and report all the issues of law and fact involved in said case. It is further ordered that said auditors hear said case at such time and place in or out of the county as they think advisable, and with authority to run any lines in dispute or others necessary, in their opinion, to determine the issues made. Should either or both of said auditors decline to serve, the judge of this court shall substitute another or others in vacation, the authority being hereby given to said judge. Further adjudged that said auditors hear and decide said case and report their findings to the next term of this court, which report shall by order of the court be made the judgment of the court and final, each party waiving the right to except." This order was signed by the presiding judge and by attorneys for both parties. Under the terms of this order W. L. Erwin and Thomas P. Stanley were appointed auditors to hear evidence and determine the issues involved in the case. On July 25, 1919, the auditors began the hearing of the case and made report on August 28, 1920, which was filed in the clerk's office of the superior court on August 31, 1920. On September 18, 1920, G. O. Shackelford, plaintiff in error, filed his motion to recommit the case, on the ground that the auditors, " through misunderstanding or misapprehension, had made their report before the evidence had been finished on behalf of plaintiff in error; that the movant had never completed his testimony in full, and that he was given no opportunity to complete it, and that one of the auditors who was to survey the premises and mark the lines contended for by the plaintiff in error had never made such survey; and upon the ground that the auditors had never taken or subscribed to any oath, as required by law;" and upon other grounds contained in the motion to recommit. He prayed that the case be recommitted, with instructions to the auditors that they appoint a day and hear such additional evidence as might be presented by the plaintiff in error, and to run the lines and establish the corners and make such surveys as the plaintiff in error might-direct. When this motion came on for hearing before the judge of the superior court, testimony was heard and an answer was filed by the auditors, which was taken into consideration by the court; and the judge passed an order denying the motion to recommit. To this order the plaintiff in error excepted.

*Thomas J. Shackelford,* for plaintiff in error.
*John J. Strickland,* contra.

BECK, P. J. (After stating the foregoing facts.) This case was submitted to two " auditors." The defendant in error insists that while in terms the order of the court refers the case to certain named parties as auditors, they were in fact not auditors but arbitrators, although the order taken terms them auditors. The plaintiff in error insists that they were auditors, and that upon them rested the duty of auditors, and that they were to discharge the functions of auditors. But we will not undertake to decide the question thus presented, as it is not necessary to the determination of the case. Treating the proceeding as one had before an auditor, the judgment of the court below must be affirmed; for, considering the evidence submitted at the hearing of the motion to recommit, it was not of such a conclusive character as to require the judge to grant the order. Even if the failure to run certain lines which the plaintiff in error insists should have been run, and to hear further evidence which the plaintiff in error insists should have been heard, was properly made a ground to recommit instead of a ground of exception to the report, the judge who heard the evidence touching the opportunities of the complaining party to submit the further evidence and to complete his case was not required to find that the movant could not, in the exercise of the diligence required under the circumstances, have completed the evidence and had the same submitted to the auditors.

As to the branch of the motion based upon the fact that the auditors had not been sworn as required by law, the movant testified positively that they were not sworn; one of the officers testified that he did not remember whether they were sworn or not, but the other officer said that " his impression was " that they were sworn. The expression, " his impression was," might properly have been construed by the court as a statement that " his recollection was." And, moreover, one witness testified that the attorneys for the parties at the hearing before the auditors " agreed to waive the oath, and the case went on trial." Apparently there was no error in overruling the motion so far as it rested upon the ground last referred to.

All of the facts considered, the judgment of the court below should be                    *Affirmed. All the Justices concur.*